Jon A. Jekel (CA SBN 298646)
jekel@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Kristen McCallion (*pro hac vice* pending)
mccallion@fr.com
Vivian Cheng (*pro hac vice* pending)
cheng@fr.com
Kerri J John
john@fr.com (*pro hac vice* pending)
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070 / Fax: (212) 258-2291

Counsel for Defendants
BIMBO BAKERIES USA, INC.,
and ARNOLD SALES COMPANY, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| OUTER AISLE GOURMET, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>BIMBO BAKERIES USA, INC.,<br>ARNOLD SALES COMPANY, LLC<br>AND DOES 1–10,<br><br>                Defendants. | Case No. 2:21-CV-02599-FLA-SK<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Date:          July 23, 2021<br>Time:         1:30 p.m.<br>Courtroom:  6B<br>Judge:        Hon. Fernando L.<br>                    Aenlle-Rocha |

1

# <u>**TABLE OF CONTENTS**</u>

2

3

I.      RELEVANT BACKGROUND .............................................................................1

4

II.     LEGAL STANDARDS ......................................................................................4

5

III.    ARGUMENT .....................................................................................................6

6

7

        A.      The FAC Does Not Plausibly Plead a Claim Under
                § 1125(a)(1)(A) ...............................................................................7

8

9

        B.      If Interpreted As a False Advertising Claim the First Claim
                for Relief Is Still Facially Deficient Under § 1125(a)(1)(B) ...............17

10

IV.     CONCLUSION ...............................................................................................24

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
5
    356 F. Supp. 3d 889 (N.D. Cal. 2018)...........................................................5, 14

6

*Applied Info. Scis. Corp. v. eBay, Inc.*,
7
    511 F.3d 966 (9th Cir. 2007) .................................................................8, 11, 16

8

*Ashcroft v. Iqbal*,
9
    556 U.S. 662 (2009)...........................................................................................4, 5

10

*Avery Dennison Corp. v. Acco Brands, Inc.*,
    No. CV99–1877DT(MCX), 2000 WL 986995 (C.D. Cal. Feb. 22, 2000) ........23

11

*Bell Atl. Corp. v. Twombly*,
12
    550 U.S. 544 (2007)...........................................................................................4, 5

13

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
14
    No. 2:20-CV-07652-JWH-JCx, 2020 WL 9422352 (C.D. Cal. Dec. 14, 2020)....18

15

*BLM Prod., Ltd. v. Covves, LLC*,
16
    No. 2:17-cv-06224-RGK-PLA, 2017 WL 8811269 (C.D. Cal. Oct. 26, 2017).13, 22

17

*Bosley Medical Inst., Inc. v. Kremer*,
18
    403 F.3d 672 (9th Cir. 2005) ...............................................................................13

19

*Bragel Int'l, Inc. v. Kohl's Dep't Stores, Inc.*,
    No. 2:17-cv-07414-RGK-SSx, 2018 WL 7890856 (C.D. Cal. July 25, 2018)....6
20

21

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
    174 F.3d 1036 (9th Cir. 1999) .............................................................................10

22

*Cafasso ex rel. Cafasso v. Gen. Dynamics C4 Sys.*,
23
    637 F.3d 1047 (9th Cir. 2011) ...............................................................................5

24

*Choon's Design, LLC v. ContextLogic Inc.*,
25
    No. 19-CV-05300-HSG, 2020 WL 6891824 (N.D. Cal. Nov. 24, 2020) ....16, 23

26

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
27
    173 F.3d 725 (9th Cir. 1999) .......................................................................18, 22

28

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) .............................................................................. 9, 13

*Decker v. Glenfed, Inc.*,
    42 F.3d 1541 (9th Cir. 1994) ..................................................................... 5

*Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*,
    No. SACV 13-00448-CJC, 2013 WL 2382262 (C.D.Cal. May 9, 2013) .......... 19

*Fisher Tooling Co. v. Gillet Outilliage*,
    No. CV 04-7550 ABC (MCX), 2006 WL 8446246 (C.D. Cal. June 6, 2006)... 22

*Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*,
    No. 3:18-CV-02109-BEN-LL, 2021 WL 966533 (S.D. Cal. Mar. 15, 2021) .... 21

*GoTo.com, Inc. v. Walt Disney Co.*,
    202 F.3d 1199 (9th Cir. 2000) .................................................................... 8

*Hana Fin., Inc. v. Hana Bank*,
    500 F. Supp. 2d 1228 (C.D. Cal. 2007) ................................................. 6, 14

*Hernandez v. Select Portfolio, Inc.*,
    No. CV 15-01896 MMM, 2015 WL 3914741 (C.D. Cal. June 25, 2015) .......... 5

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*,
    113 U.S.P.Q.2d 1255, 2014 WL 6892141 (C.D. Cal. 2014) ........................ 12

*JHP Pharms., LLC v. Hospira, Inc.*,
    52 F. Supp. 3d 992 (C.D. Cal. 2014) ................................................... 19, 21

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .................................................................... 6

*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*,
    150 F.3d 1042 (9th Cir. 1998) .................................................................. 12

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,
    No. C 10-02605 JW, 2011 WL 5024281 (N.D. Cal. Oct. 13, 2011) ................ 21

*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) ............................................................... 15, 20

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) .................................................................................. 7

iii

*Luxpro Corp. v. Apple Inc.*,
   No. C 10-03058 JSW, 2011 WL 1086027 (N.D. Cal. Mar. 24, 2011)...............23

*Maffick LLC v. Facebook, Inc.*,
   No. 20-CV-05222-JD, 2021 WL 1893074 (N.D. Cal. May 11, 2021) ....9, 13, 16

*Mason v. Cnty. of Orange*,
   251 F.R.D. 562 (C.D. Cal. 2008)...................................................................7, 15

*PhotoMedex, Inc. v. Irwin*,
   601 F.3d 919 (9th Cir. 2010) ............................................................................21

*R & A Synergy LLC v. Spanx, Inc.*,
   No. 2:17-CV-09147-SVW-AS, 2019 WL 4390564 (C.D. Cal. May 1, 2019) 12, 18

*RPost Holdings, Inc. v. Trustifi Corp.*,
   No. CV 10-1416 PSG SHX, 2010 WL 4025754 (C.D. Cal. Oct. 12, 2010) ......22

*Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*,
   245 F.2d 67 (9th Cir.1956) ...............................................................................20

*Sebastian Brown Prods. LLC v. Muzooka Inc.*,
   No. 15-CV-01720-LHK, 2016 WL 949004 (N.D. Cal. Mar. 14, 2016) ...........10

*Sengoku Works Ltd. v. RMC Int'l, Ltd.*,
   96 F.3d 1217 (9th Cir. 1996) ............................................................................10

*Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*,
   957 F. Supp. 2d 1189 (S.D. Cal. 2013) ............................................................19

*Shin v. Time Squared Glob., LLC*,
   No. SACV 15–00943..........................................................................................7

*Sik Gaek, Inc. v. Yogi's II, Inc.*,
   No. 10CV4077ARRVVP, 2014 WL 12828174 (E.D.N.Y. July 25, 2014)........23

*Sky Billiards, Inc. v. WolVol, Inc.*,
   No. CV 15-02182 RGK, 2016 WL 7479426 (C.D. Cal. Feb. 22, 2016)......23, 24

*Skydive Arizona, Inc. v. Quattrocchi*,
   673 F.3d 1105 (9th Cir. 2012) ..........................................................................18

*Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*,
   845 F.3d 1246 (9th Cir. 2017) ............................................................................8

iv

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997) ...................................................................... 18

*Sparrow Inc. v. Lora*,
    No. CV 14-01188-MWF, 2014 WL 12561587 (C.D. Cal. Aug. 5, 2014) ........... 6

*Spicy Beer Mix, Inc. v. New Castle Bev., Inc.*,
    No. CV 14-00720 SJO, 2014 WL 7672167 (C.D. Cal. Aug. 1, 2014) .............. 10

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ...................................................................... 22

*Thimes Sols. Inc. v. TP Link USA Corp.*,
    No. CV 19-10374 PA (EX), 2020 WL 6154192 (C.D. Cal. Aug. 31, 2020) ... 22, 24

*United States v. United Foods, Inc.*,
    533 U.S. 405 (2001) .................................................................................. 22, 23

*Vess v. Ciba–Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................. 5, 6, 14

*Warner Bros. Ent. Inc. v. Starline Tours of Hollywood, Inc.*,
    No. CV 16-02001 SJO, 2018 WL 5862919 (C.D. Cal. Oct. 11, 2018) ............... 9

*Warner v. Tinder Inc.*,
    105 F. Supp. 3d 1083 (C.D. Cal. 2015) .......................................................... 5

*William H. Morris Co. v. Grp. W, Inc.*,
    66 F.3d 255 (9th Cir. 1995) .......................................................................... 19

*Zuckerman Fam. Farms, Inc. v. Bidart Bros.*,
    No. 1:14-CV-01529-AWI-BAM, 2014 WL 7239423 (E.D. Cal. Dec. 17, 2014) . 20

**Statutes**

15 U.S.C. § 1119 ................................................................................................. 3

15 U.S.C. § 1125 .......................................................................................... *passim*

**Other Authorities**

FED. R. EVID. 201 ............................................................................................ 20

FED. R. CIV. P. 8 ........................................................................................... 4, 5

FED. R. CIV. P. 9 ..................................................................................... *passim*

F ED . R. C IV . P. 11 ...................................................................................... 15

F ED . R. C IV . P. 12 ............................................................................... 1, 4, 24

M EMO OF L AW ISO D EFENDANTS ' M OTION TO D ISMISS

Case No. 2:21-CV-02599-FLA-SK

Defendants Arnold Sales Company, LLC ("ASC") and Bimbo Bakeries USA, Inc. ("BBUSA") (together, "Defendants") submit this memorandum in support of their motion to dismiss Plaintiff's First Claim for Relief under Rule 12(b)(6).

## I.   RELEVANT BACKGROUND

Since at least as early as 2009, Defendants have used and owned various trademarks including or consisting of the term THINS in connection with bakery products.[1]  One such product is their SANDWICH THINS rolls, a mainstay in grocery stores across the country for well over a decade.  The SANDWICH THINS trademark and packaging are immediately recognizable:



Indeed, SANDWICH THINS rolls are among Defendants' best-selling bread products.

In addition to Defendants' longstanding common law rights in SANDWICH THINS flowing naturally from their use of the trademark, ASC[2] owns an incontestable federal trademark registration for the mark SANDWICH THINS for "bread," U.S. Reg. No. 3,637,950 (the "SANDWICH THINS Registration")—among other incontestable federal trademark registrations for THINS and THINS-formative trademarks.[3]

This dispute arises from Plaintiff's infringing use of the identical mark— SANDWICH THINS—in connection with a competing and virtually identical product, bread made with cauliflower, which it advertises and sells online and elsewhere:

---

[1] *See* Dkt. 14, First Amended Complaint ("FAC") ¶¶ 20, 23, 25.  (Defendants' rights are actually prior to 2009.)

[2] ASC is a subsidiary of Bimbo Bakeries, which owns other famous bakery brands such as Sara Lee, Entenmann's, Thomas', Oroweat, Boboli, and Freihofer's.  *See id.* ¶ 23.

[3] *See* Dkt. 14, FAC ¶ 23.

Plaintiff knows about Defendants' longstanding trademark rights and incontestable federal trademark registrations for SANDWICH THINS and THINS, but continues to infringe anyway, including by *expanding* its line of products sold under the SANDWICH THINS name[4] *and* filing three federal trademark applications to register SANDWICH THINS formative trademarks, one of which sought registration for bakery products, crusty rolls, dough, and sandwich wraps made of cauliflower; all the while claiming—in stark contrast to its actions—that SANDWICH THINS is not a protectable trademark for these goods.

Plaintiff's disingenuous behavior and increasing infringement are ultimately what led to this lawsuit. Facing Plaintiff's mounting acts of willful infringement with no end in sight, Defendants reported Plaintiff's infringing product listings to Amazon.com in March 2021.[5] Based on Defendants' incontestable federal trademark registration and ownership of the SANDWICH THINS trademark, Amazon.com removed Plaintiff's infringing products, and refused to reinstate all but one of the

---

[4] *See* Dkt. 14, FAC ¶¶ 28, 29, 33–34.

[5] *Id.* ¶ 41.

listing despite Plaintiff's appeal.[6]

Unable to obtain relief from Amazon, Plaintiff commenced this action alleging three claims for relief: (1) Unfair Competition, Trade Libel/Product Disparagement under 15 U.S.C. § 1125(a);[7] (2) Declaratory Judgment of Trademark Non-infringement; and (3) Cancelation of Defendant's SANDWICH THINS Trademark Registration under 15 U.S.C. § 1119.[8]  After a meet and confer, Plaintiff proposed amendments that Defendants again advised were deficient; Plaintiff filed the FAC anyway.[9]

In the FAC, the First Claim for Relief is expressly pled as a claim for unfair competition under § 1125(a)*(I)(A)*[10] and includes a variety of new allegations that do not cure the deficiencies in Plaintiff's original pleading.  In particular, the FAC alleges that Defendants committed acts of unfair competition by: (1) submitting takedown requests to Amazon.com in bad faith;[11] (2) "fraudulently" filing "in bad faith" an intent-to-use application for their longstanding SANDWICH THINS trademark for "bread with cauliflower; bread containing cauliflower; cauliflower bread";[12] (3) introducing a new "Plant Based" SANDWICH THINS product in "commercial advertisements" that purportedly contain false statements;[13] (4) copying the "product name, advertising and overall look and feel" of Plaintiff's (albeit infringing) SANDWICH THINS-branded product;[14] and (5) sending a cease-and-desist letter to

---

[6] *Id.*

[7] 15 U.S.C. § 1125 is also known as "Section 43" of the Lanham Act.  Defendants use § 1125 and Section 43 interchangeably.

[8] Dkt. 1.

[9] *See generally* Dkt. 14, FAC.

[10] Dkt. 14, FAC ¶ 1 (This action arises under . . . § 1125(a)(1)(A)).

[11] *Id.* ¶¶ 41–42, 44–48.

[12] *Id.* ¶¶ 37, 43, 55.  Note, the application was filed by ASC.

[13] *Id.* ¶¶ 38–40, 53.

[14] *Id.* ¶¶ 39–40, 55.

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

1    one of Plaintiff's brick & mortar distributors demanding that the third-party
2    distributor remove its own (not *Plaintiff's*) "Cauliflower Thins" products.[15]

3         However, the FAC fails to allege several threshold pleading requirements to
4    state a claim under Section 43(a).  As explained below, the allegations comprising the
5    claim are conclusory, contradictory, and confusing and thus facially implausible.  The
6    FAC also makes bald allegations of fraud and intentional bad faith yet falls far short
7    of satisfying the heightened pleading standards of Rule 9(b).  FED. R. CIV. P. 9(b).
8    The First Claim for Relief is thus ripe for dismissal.

9    ## II.    LEGAL STANDARDS

10        Rule 12(b)(6) mandates dismissal of causes of action that "fail[] to state a claim
11   upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Dismissal is appropriate
12   where, as here, Plaintiff fails to offer sufficient factual allegations to make its asserted
13   claims plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To comply
14   with the requirement under Rule 8(a) for a "short and plain statement of the claim
15   showing that the pleader is entitled to relief," Plaintiff must provide the grounds of its
16   entitlement to relief beyond "labels and conclusions" and "a formulaic recitation of
17   the elements of a cause of action will not do."  *Id*. at 555 (quoting FED. R. CIV. P.
18   8(a)).  A complaint that sets forth only "naked assertion[s]" devoid of "further factual
19   enhancement" is insufficient.  *Id*. at 557.

20        While the Court must accept as true all material allegations in the complaint,
21   "threadbare recitals of the elements of a cause of action, supported by mere
22   conclusory statements" are not accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
23   (2009) (citing *Twombly*, 550 U.S. at 555).  Further, the Court may disregard
24   allegations in the FAC that are "inherently contradictory."  *See, e.g., Warner v. Tinder
25   Inc.*, 105 F. Supp. 3d 1083, 1098 (C.D. Cal. 2015) (dismissing claim that plaintiff
26   never authorized certain recurring charges because contradictory allegations in the

---

28   [15] *Id.* ¶ 49; *see also id.* ¶ 51.

complaint made it implausible); *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, *10 (C.D. Cal. June 25, 2015) (dismissing complaint because "[c]ontradictory allegations such as these are inherently implausible, and fail to comply with Rule 8, *Twombly*, and *Iqbal*."). If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. *Twombly*, 550 U.S. at 570.

Further, in this Circuit, claims that are "predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation" must meet the heightened pleading requirements under Rule 9(b) to survive a motion to dismiss. *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018); *see* Fed. R. Civ. P. 9(b). Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud," that is, the "who, what, when, where, and how" of the alleged fraudulent activity. *See*, *e.g., Cafasso ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055–57 (9th Cir. 2011) (affirming dismissal of claims identifying only a "general sort of fraudulent conduct" and specifying "no particular circumstances of any discrete fraudulent statement" as the "type of allegation" that is "precisely what Rule 9(b) aims to preclude"). In addition, if a plaintiff claims a statement is false or misleading, it "must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Courts in the Ninth Circuit have applied Rule 9(b) to Lanham Act claims that sound in fraud—including Section 43(a) claims—and even when "the word 'fraud' is not used." *Sparrow Inc. v. Lora*, No. CV 14-01188-MWF (JCx), 2014 WL 12561587, at *4–5 (C.D. Cal. Aug. 5, 2014) (applying Rule 9(b) because the crux of plaintiff's § 1125(a)(1)(A) claim was that defendant falsely represented his affiliation with plaintiff's brand and dismissing claim because defendant's conduct was not alleged

with particularity); *Bragel Int'l, Inc. v. Kohl's Dep't Stores, Inc.*, No. 2:17-cv-07414-RGK-SSx, 2018 WL 7890856, at *2 (C.D. Cal. July 25, 2018) (explaining that "[a] majority of district courts in the Ninth Circuit apply Rule 9(b) to Lanham Act false advertising claims" and dismissing § 1125(a)(1)(B) claim that failed to "identify the who, what, when, where, and how of the alleged misrepresentation"); *see also, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (affirming dismissal of state unfair competition claim under Cal. Bus. & Prof. Code § 17200 that failed to meet heightened pleading standards of Rule 9(b)); *Vess*, 317 F.3d at 1102–04 (same); *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1234 (C.D. Cal. 2007) (dismissing Lanham Act counterclaim alleging that plaintiff committed fraud in a trademark filing for failure to satisfy Rule 9(b) requirements).

## III.   **ARGUMENT**

Every alleged basis for Plaintiff's 43(a)(1)(A) claim is legally inadequate in multiple respects.  At a fundamental level, Plaintiff's First Claim for Relief consists of (i) mischaracterizations of Defendants' legitimate trademark enforcement efforts, which were nothing out of the ordinary (let alone *fraudulent*), as bad faith acts of unfair competition and (ii) spurious claims of false statements and copying by Defendants of non-source identifying elements for which Plaintiff fails to adequately plead use or ownership.  While at first glance some paragraphs put up a façade of pleading adequate detail, each of the purported bases of unfair competition fails to state a claim because it is premised on baseless legal conclusions lacking adequate factual support, fails as a matter of law, is contradicted by other allegations in the FAC, and/or is simply irrelevant.  The fact that Plaintiff has already amended this claim in view of the deficiencies previously identified by Defendants demonstrates that any further amendment will be futile.[16]  Stated simply, there is no basis for a § 43(a) claim against Defendants in this case.

---

[16] Plaintiff's inability to state a claim is underscored by the fact that the FAC is an

## A.   The FAC Does Not Plausibly Plead a Claim Under § 1125(a)(1)(A)

Section 43(a) "creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014).  Here, the FAC expressly asserts liability under the false association prong of § 1125(a)(1)(A) only, and makes *no* mention of § 1125(a)(1)(B).[17]  Section 1125(a)(1)(A) provides:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > . . .
>
> shall be liable in a civil action by any person who believes that he or

---

impermissible "shotgun pleading." *See Shin v. Time Squared Glob., LLC*, No. SACV 15–00943 AG (GJSx), 2015 WL 13284952, at *2 (C.D. Cal. Aug. 26, 2015) (dismissing complaint comprised of "an unclear mass of allegations [that] make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations" as an impermissible "shotgun pleading" (citing *Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563–64 (C.D. Cal. 2008)).  When, as here, a complaint "uses the omnibus term 'Defendants' throughout . . . by grouping defendants together without identifying what the particular defendants specifically did wrong," that defect *alone* could warrant dismissal.  *Id.* at *3.  Aside from the allegations identifying BBUSA and ASC and referencing the SANDWICH THINS Registration, *every* pertinent allegation in the First Claim for Relief groups BBUSA and ASC together as "Defendants" without attributing any alleged wrongful acts to a specific defendant.
[17] See Dkt. 14 ¶ 1.

1    she is or is likely to be damaged by such act.

2          The crux of a § 1125(a)(1)(A) claim is source confusion.  Such claims are

3    generally based on allegations that the defendant's use of a false designation of origin

4    or infringement of an unregistered trademark or other source identifier is likely to

5    confuse consumers into believing that Defendants' goods originated from, are

6    affiliated with, or approved by Plaintiff.  *See GoTo.com, Inc. v. Walt Disney Co.*, 202

7    F.3d 1199, 1205 at n.3 (9th Cir. 2000).  Whether it is called "infringement, unfair

8    competition or false designation of origin, the test is identical—is there a likelihood

9    of confusion?"  *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*,

10   845 F.3d 1246, 1249 (9th Cir. 2017) (internal quotation omitted).  When a claim under

11   § 1125(a)(1)(A) is based on infringement—which seems to be the case here given the

12   conclusory and unbelievable allegations that Plaintiff owns "senior" "common law

13   rights" in SANDWICH THINS and that Defendants copied[18] its product name and

14   advertising—Plaintiff must establish as a threshold matter that "it has a valid,

15   protectable trademark."  *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969,

16   972 (9th Cir. 2007).  And, to survive a motion to dismiss, Plaintiff must plausibly

17   plead the following elements:

18           (1) Defendant uses a designation (any word, term, name, device, or any

19           combination thereof) or false designation of origin;

20           (2) The use was in interstate commerce;

21           (3) The use was in connection with goods or services;

22           (4) The designation or false designation is likely to cause confusion,

23           mistake, or deception as to (a) the affiliation, connection, or association

24           of defendant with another person, or (b) as to the origin, sponsorship, or

25           approval of defendant's goods, services, or commercial activities by

26           another person; and

27

28   _____
     [18] Dkt. 14, FAC ¶¶ 45, 49.

1   (5) Plaintiff has been or is likely to be damaged by these acts.

2   *Warner Bros. Ent. Inc. v. Starline Tours of Hollywood, Inc.*, No. CV 16-02001 SJO

3   (GJSx), 2018 WL 5862919, at *6 (C.D. Cal. Oct. 11, 2018) (noting that, "[p]ut simply,

4   a plaintiff must show: (1) that it has a valid, protectable trademark, and (2) that

5   defendant's use of the mark is likely to cause confusion" and dismissing §

6   1125(a)(1)(A) claim that did not plausibly allege ownership of a valid, protectable

7   trademark and alleged confusion in a conclusory fashion).

8       Factors two through five above must be pled even when a § 1125(a)(1)(A)

9   claim is based on the alleged use of false or misleading descriptions/representations

10  of fact (as opposed to a source identifier).  While the Lanham Act can protect against

11  certain unfair trade practices beyond trademark infringement, "Section 43(a) has its

12  limits."  *Maffick LLC v. Facebook, Inc.*, No. 20-CV-05222-JD, 2021 WL 1893074, at

13  *3 (N.D. Cal. May 11, 2021).  "It is not a boundless remedy for unfair trade practices

14  in all their multivarious forms, or 'a federal codification of the overall law of unfair

15  competition,' but applies only to the trade practices that it specifically prohibits"—

16  which "must be associated with the ***sale of goods and services***."  *Id.* (emphasis added)

17  (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29 (2003)).

18  Moreover, and as noted, the heightened pleading standard under Rule 9(b) applies to

19  any basis for this claim that is grounded in fraud.  The reasons for dismissal are as

20  follows:

21      <u>*First*</u>, the FAC does not allege—let alone, plausibly allege—that Plaintiff has

22  a valid interest in a protectable source identifier, such as a common law (i.e.,

23  unregistered) trademark or designation of origin.  At a minimum, Plaintiff must plead

24  facts showing that it has *priority of use* in its alleged source identifier (meaning,

25  Plaintiff's rights are senior to any rights on which Defendants may rely)[19] and that the

---

[19] *See Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-CV-01720-LHK, 2016 WL 949004, at *6 (N.D. Cal. Mar. 14, 2016) (dismissing § 1125(a)(1)(A) claim where

alleged source identifier is *distinctive* (meaning, the mark is capable of distinguishing Plaintiff's goods from the goods of others).[20]  Here, reading the FAC in a light most favorable to Plaintiff, the universe of potential source identifiers consists of: (1) the SANDWICH THINS mark (which is owed *by Defendants*); (2) three taglines described in Paragraph 39; and (3) trade dress, namely, the color green and white circles.[21]

The SANDWICH THINS mark cannot plausibly form the basis for Plaintiff's claim because that mark is owned by Defendants.  Plaintiff expressly pleads that only Defendant ASC—*not Plaintiff*—owns an incontestable registration for the SANDWICH THINS mark for bread, and that ASC's registration was issued in 2009, five years before Plaintiff claims to have sold *any* goods under the SANDWICH THINS mark.[22]  In light of this, Plaintiff's conclusory allegation of having "very broad, senior to Defendants, common law rights" in that mark[23] is nonsensical.  To further clarify, because Plaintiff does not allege ownership of a SANDWICH THINS trademark registration, it must "establish [its] right to exclusive use in a common law infringement action, such as by proving that the mark is not generic, and that no one

---

plaintiff failed to plausibly allege priority (citing *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of use.")); *see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) ("The first to use a mark is deemed the 'senior' user and has the right to enjoin 'junior' users from using confusingly similar marks in the same industry and market or within the senior user's natural zone of expansion.").

[20] *See Spicy Beer Mix, Inc. v. New Castle Bev., Inc.*, No. CV 14-00720 SJO (JEMx), 2014 WL 7672167, at *9 (C.D. Cal. Aug. 1, 2014) (dismissing § 1125(a)(1)(A) claim because "Plaintiffs fail to allege anywhere in their FAC that the Trademark is inherently distinctive or has acquired secondary meaning").

[21] *See e.g.*, Dkt. 14, FAC ¶¶ 39, 45.

[22] *Id.* ¶¶ 12, 23.

[23] *Id.* ¶ 45; *see also* ¶ 49 (alleging that Plaintiff "is the senior, common law user of products labeled cauliflower sandwich thins").

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

Case No. 2:21-CV-02599-FLA-SK

else had first used it in commerce."[24]  Yet, Plaintiff does not do that.  Instead, Plaintiff makes repeated (and contradictory) allegations that "sandwich thins" is a generic phrase that is unprotectable as a trademark.[25]  In short, Plaintiff's assertion of common law rights in the SANDWICH THINS mark is irretrievably deficient given Plaintiff's express acknowledgment of Defendants' prior rights *and* Plaintiff's repeated claims that SANDWICH THINS is not protectable.[26]

The same is true of what seem like taglines described in the FAC at ¶ 39.  There, Plaintiff makes the conclusory allegation that it has "long-time use" of "Plant Based," "crafted with pride and baked with premium ingredients like cauliflower, olive oil and sea salt," and "perfectly sized."[27]  However, to state a claim under § 1125(a)(1)(A), Plaintiff must allege facts showing that, *at a minimum*, these phrases are distinctive and Plaintiff began using them before Defendants.[28]  Here, the FAC does not plead facts showing *when* Plaintiff began using these phrases, or even if it uses them now.  It also fails to allege that these phrases are *distinctive* and *not merely descriptive*, which would be implausible if alleged since Plaintiff also claims that these phrases directly describe or identify the nature and ingredients of Plaintiff's goods.[29]

The alleged trade dress in the color green and the use of white circles to display product ingredients is equally incapable of forming the basis for Plaintiff's § 1125(a)(1)(A) claim.[30]  Plaintiff fails to allege that it is the senior user of these

---

[24] *Applied Info. Scis. Corp.,* 511 F.3d at 970 (internal quotations and citation omitted).
[25] Dkt. 14, FAC ¶¶ 31, 54, 57, 59, 65; *see also id.* ¶¶ 71, 78–83.  Adding to the inconsistencies is Plaintiff's use of "SANDWICH THINS," "<u>S</u>andwich <u>T</u>hins" (emphasis added), and "sandwich thins" in various forms as a trademark and/or to make it appear as if SANDWICH THINS is not a trademark—as it sees fit.  *See e.g.*, *id*. ¶¶ 12, 23, 26, 27, 40 (discussing Plaintiff's "original plant-based sandwich thins").
[26] *Id.* ¶ 40.
[27] *Id.* ¶ 39.
[28] *See supra* notes 19–20 and accompanying text.
[29] *See* Dkt. 14, FAC ¶¶ 39–40, 50.
[30] *See Id.* ¶ 39.

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

alleged elements, that the elements are nonfunctional, *and* that the elements are either inherently distinctive or have acquired secondary meaning, as is required to state a claim for trade dress infringement.[31]   Given the plainly non-distinctive (and functional) nature of the color green and use of white circles in this context, these pleading deficiencies cannot be cured by amendment.

*Second*, the alleged submission of takedown requests to Amazon, sending of a cease-and-desist letter to a third-party distributor, and filing of an intent-to-use trademark application are also not legally cognizable under Section 43(a) because these acts were not in "interstate commerce" or "in connection with goods or services," as required by the text of § 1125(a)(1)(A) and the second and third elements of the Ninth Circuit's test.[32]   The FAC does not allege these factors nor can it.   And in fact, the FAC alleges that Defendants' activities were decisively ***not*** in commerce and did ***not*** involve the sale of goods.   For instance, Plaintiff alleges that *ASC's* trademark application itself shows that Defendants' "competing product is ***not*** in commerce yet."[33]   Further, the FAC alleges that the Amazon takedown requests concerned *Plaintiff's* infringement of *Defendants'* trademark rights (not the sale of Defendant's goods), that they were reviewed "in secret" and "out of the public's eye,"

---

[31] *See R & A Synergy LLC v. Spanx, Inc.*, No. 2:17-CV-09147-SVW-AS, 2019 WL 4390564, at *6–9 (C.D. Cal. May 1, 2019) (dismissing trade dress infringement claim that failed to adequately allege that features of its alleged trade dress were non-functional and inherently distinctive or had acquired secondary meaning, among other deficiencies); *see also Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046–47 (9th Cir. 1998); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 113 U.S.P.Q.2d 1255, 2014 WL 6892141 at *3 (C.D. Cal. 2014) (dismissing trade dress claim where plaintiff's claim to "color scheme, fonts, phraseology and overall look and feel" of packaging failed to articulate the claimed trade dress); *see also* 15 U.S.C. § 1125(a)(3) (the person asserting unregistered "trade dress protection has the burden of proving that the matter sought to be protected is not functional").

[32] *See* discussion *supra* at pp. 7–9.

[33] Dkt. 14, FAC ¶ 45 (emphasis added).

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

and that Defendants' competing products are "not even being sold on Amazon."[34] Since the complaints to Amazon involved statements "made only to Amazon, out of the view of the general public,"[35] basing a § 1125(a)(1)(A) claim on takedown requests would stretch the Lanham Act to cover matters that are "typically of no consequence to purchasers."[36]   That alone renders this claim deficient, since "[c]onduct that is not commercial, and does not involve the sale of goods and services, is outside the 'dangers that the Lanham Act was designed to address,' and consequently not actionable under Section 43(a)." *Maffick*, 2021 WL 1893074, at *3 (quoting *Bosley Medical Inst., Inc. v. Kremer*, 403 F.3d 672, 679 (9th Cir. 2005). Similarly, to the extent that Plaintiff contends that Defendants violated the Lanham Act by making allegedly false statements in a letter to a third-party infringer that happened to be a distributor of Plaintiff's products, the FAC makes clear that Defendants were attempting to stop infringement of Defendants' trademark—not to make a sale of Defendants' goods (which are not even alleged to be available through the distributor).  Due to the inherently private nature of these communications with Amazon, a third-party distributor, and the United States Patent and Trademark Office—and the fact that they are disconnected from Defendants' product sales— these allegations cannot be amended in such a way as to create plausibility.

*Third*, while the foregoing deficiencies alone warrant dismissal of the First Claim for Relief, the FAC further fails to state a claim under § 1125(a)(1)(A) insofar as it is based on Defendants' alleged use of a false or misleading description or representation of fact in an Amazon take-down request, trademark application, or cease-and-desist letter because all of those allegations are wholly conclusory,  and not

---

[34] *Id.* ¶¶ 41–42, 44–45.

[35] *BLM Prod., Ltd. v. Covves, LLC*, No. 2:17-cv-06224-RGK-PLA, 2017 WL 8811269, at *5 (C.D. Cal. Oct. 26, 2017) (finding representations in an infringement form on Amazon.com are "made only to Amazon, out of view of the general public").

[36] *See Dastar Corp.*, 539 U.S. at 32–33 ("The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers.").

pled with particularity.  As an initial matter, the heightened pleading standard under Rule 9(b) applies at least to the allegations that Defendants "fraudulently filed in bad faith" a trademark application for SANDWICH THINS for cauliflower bread for the sole purpose of making false statements to a third-party distributor and to submit "baseless" Amazon takedowns to "intentionally" disrupt Plaintiff's business relationships.[37]  However, they all are inadequately pled because the circumstances constituting fraud are not stated with particularity and/or the FAC does not explain *why* each of the allegedly false or misleading statements are false.  *Vess*, 371 F.3d at 1106.[38]

In fact, they are mere conjecture (and false).  The FAC does not actually allege that Defendants made *any* false or misleading statement in the application, let alone explain *how* it is false or misleading to consumers.  The allegation that Defendants (ASC) filed the application for the purpose of contacting Plaintiff's distributor is contradicted by the order of events as alleged by Plaintiff: the only alleged contact between Defendants and a distributor occurred "in or around January 2021"—two months *before* ASC filed its trademark application.[39]  The false statements Defendants purportedly made to the distributor are also insufficiently pled because the FAC does not state with particularity *who* was involved in the communication, or *where* and *how* the false statements were made, as required under Rule 9(b).

---

[37] Dkt. 14, FAC ¶¶ 37, 43, 46–49.  *See Vess*, 317 F.3d at 1103–04 (Rule 9(b) pleading standard applies when claim is premised on "a unified course of fraudulent conduct"); *23andMe, Inc.*, 356 F. Supp. 3d at 908 (applying Rule 9(b) to a claim for false designation of origin under § 1125(a)(1)(A) "predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation"); *Hana Fin.*, 500 F. Supp. 2d at 1234 (applying Rule 9(b) to allegation that defendant fraudulently filed a trademark application with knowledge of plaintiff's allegedly superior rights).

[38] The deficiencies of this claim as to Defendants' advertisements are addressed *infra* pp. 19–22.

[39] *See* Dkt. 14, FAC ¶¶ 37 (application filed on March 11, 2021), 49 (alleging Defendants sent a cease-and-desist letter "in or around January 2021").

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

Case No. 2:21-CV-02599-FLA-SK

1    Similarly, the claim that the application was fraudulent and filed for the purpose

2 of submitting Amazon takedowns against Plaintiff's listings is facially implausible

3 because (i) ASC has had rights in SANDWICH THINS for over a decade[40] and (ii)

4 ASC's application was *not* used as the basis for the Amazon takedown.  Declaration

5 of Vivian Cheng ("Cheng Decl."), Ex. A (copy of Amazon takedown showing only

6 ASC's longstanding, incontestable registration for SANDWICH THINS was used as

7 a basis for the takedown).[41]  Even putting aside the complete lack of facts concerning

8 Defendants' alleged bad faith intent, the claim that Defendants' application was

9 fraudulent is inherently contradictory to the baseless allegation that Defendants

10 *negligently* (not intentionally)[42] misrepresented "facts" to Amazon by neglecting to

11 include in its takedown notice ***Plaintiff's*** arguments as to why Plaintiff does not

12 infringe Defendants' trademark rights.[43]  Common sense dictates that Plaintiff's

13 unproven (and incorrect) arguments are anything but "fact."  Amazon's takedown

14 system is there for a reason—to enable trademark owners to enforce its marks by

15 submitting a simple form that merely notes the mark owner's federal registration and

16 the accused products.  That is exactly what Defendants submitted.  Plaintiff's

17 allegations are far-fetched and ill-considered.

---

[40] *Id.* ¶ 23.

[41] Because the FAC relies upon Defendants' Amazon take-down request in pleading this claim (*id.* ¶ 41), that document is proper to consider in deciding this motion.  *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

[42] *Compare* Dkt. 14, FAC ¶ 45 (alleging negligent misrepresentation to Amazon) *with id.* ¶¶ 46–48, 65 (alleging the intentional and knowing submission of "baseless takedown notices").  This further highlights the severe deficiencies of this claim.  *Cf. Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008) (finding complaint "seriously deficient" based on shotgun pleading and noting that it "raises questions about whether Plaintiff's counsel has violated Federal Rule of Civil Procedure 11" since allegations regarding the *intentional* infliction of emotional distress were incorporated by reference into a claim for *negligent* infliction of emotion distress).

[43] *See* Dkt. 14, FAC ¶ 45.

The same is true for the allegations that Defendants' use of certain *true* phrases such as "plant based," as discussed *infra* pp. 19–21.

*Fourth*, the First Claim for Relief fails to state a claim because Plaintiff does not plead a likelihood of confusion resulting from any of the purported acts of unfair competition with the exception of baseless assertions of confusion resulting from Defendants' allegedly false statements about ingredients and copying of the look of Plaintiff's product/advertising.[44]  Besides having no factual support, those allegations are irrelevant since Plaintiff did not and cannot plead the threshold element of ownership of a valid, protectable mark or trade dress or use of a false or misleading statement by Defendants.[45]

Further, regarding the allegedly false or misleading statements made to Amazon and a third-party distributor, no amount of amendment will allow Plaintiff to plausibly plead that Defendants' acts are likely to cause confusion actionable by Plaintiff under § 1125(a)(1)(A) because these statements concern only *Plaintiff's* or the *third-party distributor's* products—*not* Defendants' own products.  Therefore, Plaintiff's claim falls outside the type of conduct prohibited by § 1125(a)(1)(A).[46]

*Fifth*, in addition to—and perhaps because of—the deficiencies discussed above, Plaintiff resorts to reciting unadorned statements that it has been harmed as a result of Defendants' acts in an effort to plead the final element of this claim, rather

---

[44] *Id.* ¶ 39.

[45] *See* discussion *supra* pp. 7–12; *infra* pp. 19–21.  *See also Applied Info. Scis. Corp.*, 511 F.3d at 972 (noting that likelihood of confusion resulting from defendant's alleged infringing use is the ***second*** prong of trademark infringement, following the requirement for a valid, protectable interest).

[46] *See Maffick LLC*, 2021 WL 1893074, at *3 (explaining the meaning of the "plain language of Section 43(a)(1)(A)" and dismissing claim where defendant's allegedly false representation applied only to *plaintiff's* content); *Choon's Design, LLC v. ContextLogic Inc.*, No. 19-CV-05300-HSG, 2020 WL 6891824, at *3 (N.D. Cal. Nov. 24, 2020) (dismissing § 1125(a)(1)(A) claim where plaintiff merely alleged that defendant's use of a badge was likely to cause confusion as to *plaintiff's* products).

than providing factual allegations from which the Court may infer Plaintiff's entitlement to relief.  For example, the FAC states: "[t]heir violation of law has caused substantial harm to [Plaintiff]" and "[t]hese false statements made to [Plaintiff's] important distributor has and is causing business reputational and economic harm to [Plaintiff]."[47]

In sum, none of the five alleged acts of unfair competition by Defendants are sufficiently pled to state a cause of action under § 1125(a)(1)(A)—on any theory.

**B.   If Interpreted As a False Advertising Claim the First Claim for Relief Is Still Facially Deficient Under § 1125(a)(1)(B)**

While the First Claim for Relief only asserts a claim under 15 U.S.C. § 1125(a)(1)(A), none of Plaintiff's allegations are sufficient to state a claim regardless of whether the claim is interpreted under a false association theory per § 1125(a)(1)(A) or a false advertising theory per § 1125(a)(1)(B).  For the sake of completeness, Defendants explain why the FAC also lacks sufficient factual allegations under a false advertising theory, which requires:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused the false statement to

---

[47] Dkt. 14, FAC ¶¶ 43, 49.  The allegation of harm to Plaintiff in ¶ 49 of the FAC is especially confusing and implausible given that Defendants are alleged to have falsely claimed (i) ownership of the trademark "***Cauliflower Thins***" (instead of Defendants' actual trademark which is SANDWICH THINS) and (ii) infringement of that mark by the *third-party distributor—**not** Plaintiff.  The FAC also does not allege Plaintiff's ownership of the trademark "Cauliflower Thins," the mark purportedly at issue, instead alleging that it is the "common law user of products labeled cauliflower ***sandwich thins***" (*id*. ¶ 49 (emphasis added)) and contains no facts from which to infer that Defendants even knew the third-party distributor sold Plaintiff's products and how this letter could have realistically impacted Plaintiff.

1    enter interstate commerce; and (5) the plaintiff has been or is likely to be
2    injured as a result of the false statement, either by direct diversion of
3    sales from itself to defendant or by a lessening of the goodwill associated
4    with its products.

*BHRS Grp., LLC v. Brio Water Tech., Inc.*, No. 2:20-CV-07652-JWH-JCx, 2020 WL
9422352, at *3 (C.D. Cal. Dec. 14, 2020) (quoting *Skydive Arizona, Inc. v.
Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012)).   Since these are fundamental
requirements to a § 1125(a)(1)(B) false advertising claim, and Plaintiff's allegations
render false advertising not only *implausible* but *impossible*, any request by Plaintiff
to amend the First Claim for Relief should be denied.

   *First*, the alleged statements are not false statements of fact and/or did not occur
in commercial advertisements.

   A statement of fact may be "literally false" or "literally true but likely to
mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d
1134, 1139 (9th Cir. 1997).   "To be literally false, a statement must 'expressly or
impliedly assert a fact that is susceptible to being proved false' and must be subject
to a reasonable interpretation of a statement of 'actual facts.'"[48]   And, when a
statement is allegedly "merely misleading in context" or false "by implication,"
plaintiff "has the burden of pleading at least some facts tending to show that the
alleged implied message is actually transmitted to the consumer."[49]   Further,
"[d]istrict courts in the Ninth Circuit have held that the heightened pleading standard
of Federal Rule of Procedure 9(b) applies to false advertising claims and requires the

---

[48] *R & A Synergy*, 2019 WL 4390564, at *10 (dismissing § 1125(a)(1)(B) claim where
no statements alleged in the complaint were "literally false or could be plausibly
interpreted as stating actual facts" (quoting *Coastal Abstract Serv., Inc. v. First Am.
Title Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999)).

[49] *JHP Pharms., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992, 1002–03, 1005 (C.D. Cal.
2014) (citing *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995)).

plaintiff to plead the 'time, place, and specific content of the false representations,' the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading."[50]

The FAC does not expressly state whether Plaintiff is alleging that Defendants' statements are literally or impliedly false.  Nevertheless, the FAC fails to plausibly allege a single actionable representation of fact under a theory of literal *or* implied falsity.  As best can be interpreted, the FAC alleges that Defendants made false statements on their websites, in Amazon takedowns, and in a letter to a distributor.[51] With respect to the allegedly false statements on Defendants' websites, Plaintiff alleges that Defendants falsely stated that their SANDWICH THINS rolls are "Plant Based" and "Made with Real Cauliflower,[52] which Plaintiff claims are untrue because Defendants' products are "not plant-based or made with actual or fresh cauliflower or vegetables at all," but "[r]ather the true ingredients . . . are primarily comprised of whole wheat flour, water, enriched wheat flower[sic], yeast, bulgur wheat, . . . and ***little*** to no real ***cauliflower*** added to the dough in powdered or processed form prior to being baked."[53]  These allegations fail to plausibly plead falsity because they are mere conclusory statements and, because they are inherently contradictory, they need not be accepted as true.

For one, the conclusory statement that Defendants' products are "not plant-based" is directly contradicted by allegations in the same paragraph of the FAC that Defendants' goods include wheat (and wheat flower) and at least *some* cauliflower.[54] It is an indisputable fact that wheat and cauliflower *are plants*.  Also, it is implausible

---

[50] *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013) (quoting *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, No. SACV 13-00448-CJC, 2013 WL 2382262, at *4, (C.D.Cal. May 9, 2013)).

[51] Dkt. 14, FAC ¶¶ 37–40, 49.

[52] *Id.* ¶¶ 38–40.

[53] *Id*. ¶ 40 (emphasis added)

[54] *Id.*

MEMO OF LAW ISO DEFENDANTS' MOTION TO DISMISS

Case No. 2:21-CV-02599-FLA-SK

to allege that the phrase "made with real cauliflower" is false when Plaintiff also alleges that cauliflower *is* in Defendants' products.[55]  Plaintiff's characterizations of Defendants' goods are factually inaccurate, but for purposes of this motion, if the goods have a "little" cauliflower—as the FAC alleges—it is not literally false to claim that they are "made with cauliflower."

To compensate for these contradictory allegations and support the notion that Defendants are lying, Plaintiff copied the ingredients for Defendants' products *verbatim* in the *exact* order they appear online, ***except omitted*** the fifth ingredient—notably, "**cauliflower**," between "yeast" and "bulgur wheat."[56]  Plaintiff cannot manufacture a false advertising claim by making its own false and misleading claims in a pleading.  To the extent that Plaintiff is alleging that the use of "plant based" and "made with real cauliflower" are not literally false but merely misleading as to whether Defendants' rolls contain *fresh*, *non*-powdered, *un*processed cauliflower, Plaintiff fails to plead any facts to support an inference that consumers would interpret these phrases to mean that the product was made with fresh, unprocessed cauliflower. *See JHP Pharms.*, 52 F. Supp. 3d at 1005–06 (dismissing Lanham Act claim based on false or misleading labeling because plaintiff did not allege any particular facts "tending to show that the [alleged implied] negative message about its product is

---

[55] *Id.*

[56] *Compare id.* ¶ 40 *with* Cheng Decl., Ex. B (screenshots from SmartLabel.com webpages that are linked from Defendants' websites referenced in the FAC, which display the ingredients for Defendants' goods).  Pursuant to FED. R. EVID. 201, Defendants request that the Court take judicial notice of the list of ingredients displayed in Ex. B, which contradicts Plaintiff's allegations.  *See Lee*, 250 F.3d at 689 (court may consider documents relied upon in the complaint and take judicial notice of matters of public record); *Zuckerman Fam. Farms, Inc. v. Bidart Bros.*, No. 1:14-CV-01529-AWI-BAM, 2014 WL 7239423, at *10 (E.D. Cal. Dec. 17, 2014) ("judicial notice may be taken of a fact to show that a complaint does not state a cause of action") (citing *Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir.1956)).

1   actually conveyed to consumers").

2          The allegations regarding Defendants' statements in Amazon takedowns and a

3   letter to a third-party distributor also fail to make a false advertising claim plausible.

4   The notion that Defendants "negligently misrepresented facts to Amazon" by failing

5   to include representations of *Plaintiff's* legal defenses about Defendants' trademark

6   rights in SANDWICH THINS[57] cannot be taken seriously.  Those takedowns and the

7   letter in which Defendants "accused [a] distributor of trademark infringement"[58]

8   constitute enforcement activity that is not actionable under this cause of action

9   because it is based on Defendants' legal opinion—not representations or description

10  of *fact* concerning Defendants' or Plaintiff's *goods*.   "Statements of opinion,

11  including legal opinion, are not generally actionable as false statements under the

12  Lanham Act."  *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C

13  10-02605 JW, 2011 WL 5024281, at *11 (N.D. Cal. Oct. 13, 2011) (dismissing

14  § 1125(a)(1)(B) false advertising claim alleging statements that were based on non-

15  actionable subjective opinions) (citing *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 931

16  (9th Cir. 2010)).[59]

17  ───────────────

18  [57] Dkt. 14, FAC ¶¶ 41, 45 (emphasis added).

19  [58] *Id.* ¶ 49 (emphasis added).  As noted, there is an additional assertion that Defendants
    alleged ownership of a "Cauliflower Thins" trademark, which is entirely false.  This
20  issue was raised with Plaintiff's counsel, who claimed to "have the letter."  We hope
    that Plaintiff reconsiders its representations to the Court in response to this motion.

21  [59] *See also Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-
    BEN-LL, 2021 WL 966533, at *58 (S.D. Cal. Mar. 15, 2021) (finding that statements
22  in Amazon takedown reports "cannot serve as the basis for an unfair competition
23  claim under the Lanham Act" where, as here, they are "based on a good faith belief
    or opinion that the other party is infringing"); *Sybersound Records, Inc. v. UAV Corp.*,
24  517 F.3d 1137, 1145 (9th Cir. 2008) (affirming dismissal of § 1125(a)(1)(B) false
25  advertising claim based on alleged false statements concerning the "licensing status"
    of a copyrighted work, which was a statement of opinion not fact); *RPost Holdings,*
26  *Inc. v. Trustifi Corp.*, No. CV 10-1416 PSG SHX, 2010 WL 4025754, at *2 (C.D.
27  Cal. Oct. 12, 2010) (dismissing § 1125(a)(1)(B) claims based on the filing of a patent

28

Further, Plaintiff can never plausibly plead that the Amazon takedown requests or distributor letter are commercial advertisements. "To constitute 'commercial advertising or promotion' in violation of section 1125(a)(1)(B), representations must be 1) 'commercial speech; 2) by a defendant who is in commercial competition with plaintiff; 3) for the purpose of influencing consumers to buy defendant's goods or services.' . . . [and] 4) 'be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry.'" *BLM Prod.*, 2017 WL 8811269, at *5 (dismissing § 1125(a)(1)(B) claim predicated on defendant's alleged filing of take-down requests on Amazon) (quoting *Coastal Abstract*, 173 F.3d at 735). Commercial speech is "usually defined as speech that does no more than propose a commercial transaction." *United States v. United Foods, Inc.*, 533 U.S. 405, 409 (2001).

As courts in this District have consistently held, there is no § 1125(a)(1)(B) claim when, as here, "[d]efendants' complaints were made directly to Amazon—who is not a consumer—and the complaints were not disseminated to the relevant purchasing public." *Thimes Sols. Inc. v. TP Link USA Corp.*, No. CV 19-10374 PA (EX), 2020 WL 6154192, at *2 (C.D. Cal. Aug. 31, 2020) (finding amendment of Lanham Act claim based on defendants' complaints to Amazon about plaintiff selling counterfeit goods futile and denying leave to amend); *Factory Direct Wholesale, LLC v. iTouchless Housewares & Prod.*, Inc., 411 F. Supp. 3d 905, 925 (N.D. Cal. 2019) (dismissing claim where plaintiff failed to adequately allege a statement made in a commercial advertisement because it "'only allege[d] Defendant contacted Amazon' with false misrepresentations" and did not allege any representations to consumers (quoting *Sky Billiards, Inc. v. WolVol, Inc.*, No. CV 15-02182 RGK (KKx), 2016 WL 7479426, at *2 (C.D. Cal. Feb. 22, 2016)).

infringement lawsuit); *Fisher Tooling Co. v. Gillet Outilliage*, No. CV 04-7550 ABC (MCX), 2006 WL 8446246, at *5 (C.D. Cal. June 6, 2006) (granting summary judgment that defendants did not make actionable false statements of fact when asserting their patent rights, *even if they were ultimately incorrect*).

Similarly, the letter sent to the distributor was not a commercial advertisement because, as pled, the letter was not sent for the purpose of influencing that distributor to buy from Defendants[60] and does not "propose a commercial transaction." *United Foods*, 533 U.S. at 409; *see also*, *Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99–1877DT(MCX), 2000 WL 986995, at *8 (C.D. Cal. Feb. 22, 2000) (cease-and-desist letters "sent by Defendants' attorney, not as a marketing and sales tool, but in an attempt to protect [the defendants'] legal rights" were not commercial advertisements); *Luxpro Corp. v. Apple Inc.*, No. C 10-03058 JSW, 2011 WL 1086027, at *12 (N.D. Cal. Mar. 24, 2011) (demand letters are not "commercial advertising or promotion," because "they were not designed to influence [plaintiff's] customers to buy [defendant's] goods or services"). ASC's trademark application can also never form the basis of a false advertising claim for the same reasons. *United Foods*, 533 U.S. at 409; *see Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10CV4077ARRVVP, 2014 WL 12828174, at *10 (E.D.N.Y. July 25, 2014) (rejecting a claim that the filing of a trademark application can give rise to a Lanham Act false advertising claim).[61]

Plaintiff's failure to plead statements made in a commercial advertisement alone warrants the dismissal of this claim *with prejudice* insofar as it is premised on allegedly false statements in Defendants' Amazon takedowns, a letter to a distributor, and ASC's trademark application. *See Sky Billiards*, 2016 WL 7479426, at *3 (dismissing claim *with prejudice*); *Thimes Sols. Inc.*, 2020 WL 6154192, at *2 (denying leave to amend).

---

[60] Dkt. 14, FAC ¶ 49.

[61] While Defendants do not dispute that, when taken as true, ¶¶ 38–40 of the FAC alleges statements made in commercial advertisement, Plaintiff still fails to state a claim for false advertising because the other elements of the claims are not pled, the alleged statements "plant based" and "made with real cauliflower" are not plausibly false or misleading, as discussed below and Rule 9(b) is not met. *See Choon's Design*, 2020 WL 6891824, at *4–5 (noting the "majority of district courts in the Circuit appear to apply Rule 9(b) in analyzing false advertising claims under the Lanham Act and dismissing claim as insufficiently pled under Rule 9(b)).

1    *Second*, the FAC lacks any plausible allegations that Defendants' statements

2    have deceived or have the tendency to deceive a substantial segment of *Defendants'*

3    audience, or that the statements are material and likely to influence purchasing

4    decisions.   Despite making repeated, conclusory allegations that Defendants made

5    statements that deceived consumers,[62] Plaintiff's bare allegations are not supported

6    by facts.  This is unsurprising, as Amazon takedown requests, for example—which

7    Plaintiff acknowledges occur "in secret"[63]—cannot deceive consumers, much less

8    influence their purchasing decisions.   The same is true of the distributor letter.

9    Further, deception cannot stem from statements that are verifiably true, such as the

10   statements that Defendants' goods are "plant based" and "made with real

11   cauliflower."  And *nowhere* does the FAC mention materiality.  As such, the second

12   and third elements are not pled.

13       *Third*, the FAC also fails to plead the fourth and fifth elements of a false

14   advertising claim, i.e., interstate commerce and injury ***as a result*** of the false

15   statements, either by direct diversion of sales from itself to defendant or by a lessening

16   of the goodwill associated with its products.[64]  The FAC does not allege diverted sales

17   to Defendants.  And while it does allege "harm," such conclusory allegations based

18   on non-actionable activity[65] do not satisfy the Lanham Act or Rule 12(b)(6).

19       In sum, Plaintiff does not state a claim under § 1125(a)(1)(B)—if it intended to—

20   and the facts alleged in the FAC show that such a claim would not be plausible if asserted.

21   **IV.   CONCLUSION**

22       In conclusion, the FAC does not state a claim under 15 U.S.C. § 1125(a)(1)(A)

23   because Plaintiff does not plead facts showing that Defendants used a source identifier

24   owned or associated with Plaintiff or made a false representation of fact in a manner

---

26   [62] *See, e.g.,* Dkt. 14, FAC ¶ 40.

27   [63] *Id.* ¶ 42.

     [64] *See supra* pp. 12–13.

28   [65] *See* Dkt. 14, FAC ¶¶ 43, 48–49.

that is likely to confuse consumers and cause harm to Plaintiff.  While the FAC does *not* assert a claim for false advertising under 15 U.S.C. § 1125(a)(1)(B), that theory would also fail because Plaintiff does not plead plausible facts showing that Defendants made material false statements at all, including in commercial advertisements, much less made any statements that deceived or have a tendency to deceive consumers.  Further, the contradictory and irremediable allegations in the FAC foreclose the possibility of Plaintiff asserting a plausible claim under 15 U.S.C. §§ 1125(a)(1)(A) or (B), such that any attempt to amend the First Claim for Relief would be futile.  For these reasons and the fact that the FAC does not meet the heightened pleading standards of Fed. R. Civ. P. 9(b), Defendants respectfully request that the Court grant this Motion and dismiss the First Claim for Relief with prejudice.

Respectfully submitted,

Dated:  June 18, 2021              FISH & RICHARDSON P.C.


By: */s/ Jon A. Jekel*_____
   Jon A. Jekel
   jekel@fr.com
   633 West Fifth Street, 26th Floor
   Los Angeles, CA 90071
   Tel: (213) 533-4240
   Fax: (858) 678-5099

   Kristen McCallion
   mccallion@fr.com
   Vivian Cheng
   cheng@fr.com
   Kerri J John
   john@fr.com
   7 Times Square, 20th Floor
   New York, NY 10036
   Tel: (212) 765-5070

Attorneys for Defendants
BIMBO BAKERIES USA, INC., and
ARNOLD SALES COMPANY, LLC